**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
May 19, 2022
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| **HUNTER JAMES CALDWELL,** | ) |
| Plaintiff, | ) |
| | ) **CIVIL CASE NO.:** 22-1029 |
| v. | ) |
| | ) |
| **GENERAL MOTORS LLC,** | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant General Motors LLC ("GM LLC"), gives notice of the removal of this action from the Circuit Court of Columbia County, Arkansas to the United States District Court for the Western District of Arkansas, El Dorado Division. Removal is based on diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy requirement is satisfied and because GM, the only Defendant in this case, is diverse from Plaintiff Hunter Caldwell ("Caldwell" or "Plaintiff"). In support of this removal, GM LLC states as follows:

### I. NATURE OF THE CASE

1. On April 12, 2022, Plaintiff Hunter Caldwell filed a complaint against Defendant GM LLC in the Circuit Court of Columbia County, Arkansas, bearing Case No. 14CV-2291-6. The complete case file from state court, including the Complaint, is attached as **Exhibit A**.

2. Plaintiff asserts claims against GM LLC for negligence and breach of

implied and express warranties based on allegations that GM LLC designed and manufactured an unreasonably dangerous and defective vehicle. *See gen.,* Complaint, Ex. A.

      3.      The complaint arises out of a single-vehicle automobile accident that occurred on April 13, 2019, in Columbia County, Arkansas. *See gen.*, Complaint, Ex. A. Plaintiff alleges that he was operating a 2017 Chevrolet Colorado when he ran off the roadway and hit several trees. *Id.* at ¶¶ 4–5. He alleges that the airbags failed to deploy, thereby causing "Plaintiff's nose and face to str[ike] the center steering column … causing significant injuries to the Plaintiff." *Id.* at ¶¶ 6–7. Specifically, Plaintiff alleges that his physical injuries, for which he was required to seek medical treatment, resulted in "permanent disfigurement and scarring." *Id.* at ¶ 36. He additionally claims damages for: (1) "past, present, and future lost earnings," (2) "past, present, and future mental anguish and suffering," (3) "pain and suffering," and (4) "past, present and future medical expenses." *Id.* at ¶¶ 32–35.

      4.      In total, Plaintiff claims that his "damages in this matter are in excess of $75,000." *Id.* at ¶ 37.

## II.    GROUNDS FOR REMOVAL

      5.      Pursuant to 28 U.S.C. § 1441, GM LLC removes this action to the District Court of the United States for the district embracing the place where this action is pending. This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and GM LLC,

because Plaintiff and GM LLC are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Diversity of Citizenship

6. For diversity jurisdiction to apply, the court evaluates the citizenship and consent for removal of all defendants properly joined and served at the time of the removal. *See* 28 U.S.C. § 1441(b)(2).

7. Based on the Complaint, Plaintiff is a resident citizen of the State of Arkansas. Ex. A, Complaint at ¶ 1.

8. Defendant GM LLC is a Delaware limited liability company with its principal place of business in the state of Michigan. The sole member of GM LLC is General Motors Holdings LLC, a Delaware limited company with its principal place of business in Michigan. The sole member of General Motors Holdings LLC is General Motors Company, a Delaware corporation with its principal place of business in the State of Michigan. Accordingly, GM LLC is a citizen of Delaware and Michigan. *See OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members.").

### B. Amount in Controversy

9. Under 28 U.S.C. § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This allegation can be based on "a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has

become removeable." 28 U.S.C. § 1446(b). "Once the removing party carries its burden, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (internal quotations omitted).

10. Here, the amount in controversy requirement is easily met, as Plaintiff has explicitly alleged that "the damages in this matter are in excess of $75,000." Ex. A, Complaint at ¶ 37. These allegations, alone, are sufficient to confer jurisdiction with this Court. *See Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) ("Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction.").

11. To the extent there is any doubt, the face of the complaint also contains facts from which "a fact finder might legally conclude" that Plaintiff's "damages are greater than the requisite amount." *Turntine*, 959 F.3d at 881. Specifically, Plaintiff alleges "significant injuries" to his nose and face that resulted in "permanent disfigurement and scarring." *See* Ex. A, Complaint at ¶¶ 6-7; 36. He additionally seeks multiple forms of compensatory damages, including for past and future medical expenses, pain and suffering, mental anguish, and lost earnings. *Id.* at ¶¶ 32–35. These factual allegations are further evidence that the jurisdictional threshold is met.[1]

12. Because it is apparent from the face of the complaint that the amount

---

[1] *See Hanson v. Helfer-Ingle*, No. 5:21-CV-05011, 2021 WL 684129, at *1 (W.D. Ark. Feb. 22, 2021) (holding that "the Court cannot say to a legal certainty that the amount in controversy is less than the jurisdictional threshold," where plaintiff alleged pain and suffering, mental anguish, past and future medical expenses, and temporary reduction of earning capacity, and lost wages);

in controversy exceeds $75,000, removal of this action is proper.

## III.  REMOVAL IS TIMELY AND PROPER

13. Plaintiff filed his Complaint in the Circuit Court of Columbia County, Arkansas on April 12, 2022. *See* Ex. A, Complaint. Defendant GM LLC was served with a copy of the Complaint on April 21, 2022.

14. This Notice of Removal was filed with the Clerk of the United States District Court within thirty (30) days of service of Plaintiff's Complaint on GM LLC, and therefore Removal of this action is timely under 28 U.S.C. § 1446(b).

15. Pursuant to 28 U.S.C. § 1441, removal to the United States District Court for the Western District of Arkansas, El Dorado Division, is proper because that District embraces the Circuit Court of Columbia County, Arkansas, the place where this action was pending. *See* 28 U.S.C. § 83(b)(2).

16. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the entire file of the Circuit Court of Columbia County, which includes all pleadings, process, and orders filed, is attached as Exhibit A.

17. As required by 28 U.S.C. § 1446(d), GM LLC will promptly file a copy of this Notice of Removal with the clerk for the Circuit Court of Columbia County, Arkansas, which will also provide notice to Plaintiff.

## IV.  CONCLUSION

18. By removing the action to this Court, GM LLC does not waive any

---

*Spearman v. Fred's Inc.,* No. 06-CV-4056, 2006 WL 8440298, at *2 (W.D. Ark. Sept. 15, 2006) ("The Court is satisfied that the allegations of Spearman's complaint, specifically those demanding compensation for future pain, suffering and inability to perform daily activities, place more than $75,000 in controversy.").

defenses, objections or motions available to it under state or federal law. GM LLC expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

19. As detailed above, all requirements and jurisdictional thresholds have been met to remove this action to this Court on the basis of diversity jurisdiction.

WHEREFORE, defendant General Motors LLC removes this action from the Circuit Court of Columbia County, Arkansas, to the United States District Court for the Western District of Arkansas, El Dorado Division, for trial and resolution by this Court of all issues raised herein.

Respectfully submitted,

Edwin L. Lowther, Jr. (81107)
Jessica Pruitt Koehler (2015226)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: elowther@wlj.com
         jkoehler@wlj.com

*Attorneys for General Motors LLC*

OF COUNSEL:

Melody H. Eagan (*pro hac vice* forthcoming)
meagan@lightfootlaw.com
W. McKinley Dunn (*pro hac vice* forthcoming)
mdunn@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL  35203-3200
(205) 581-0700 (telephone)
(205) 581-0799 (facsimile)

*Attorneys for Defendant General Motors LLC*


## CERTIFICATE OF SERVICE

I certify that on May 19, 2022, I filed a copy of the foregoing electronically using the CM/ECF, which will send notification to counsel of record registered for CM/ECF system. I also served a copy by electronic and/or U.S. mail to:

Ryan P. Phillips
CRANE, PHILLIPS & RAINWATER PLLC
P.O. Box 727
Magnolia, AR 71754-0727
Office: (870) 234-4727
Fax: (870) 234-4181
*phillips@magnolialaw.net*

                                                  */s/ Jessica P. Koehler*
                                                  Jessica P. Koehler