# IN THE CIRCUIT COURT OF COLUMBIA COUNTY, ARKANSAS
## CIVIL DIVISION

**HUNTER JAMES CALDWELL**　　　　　　　　　　　　　　　　**PLAINTIFF**

**VS.**　　　　　　**CASE NO. 14CV-2022-91-6**

**GENERAL MOTORS, LLC**　　　　　　　　　　　　　　　　　**DEFENDANT**

## COMPLAINT

COMES NOW, Hunter James Caldwell, by and through his attorneys, Crane, Phillips & Rainwater, PLLC, and for is cause of action against the Defendant, General Motors, LLC, states as follows:

*PARTIES*

1. The Plaintiff is a resident of Columbia County, Arkansas, who resides at 2494 Highway 160 Magnolia, Arkansas 71753.

2. The Defendant, General Motors, LLC, is a Michigan company, whose principal place of business is 300 Renaissance Center, Detroit, Michigan 48243. The Defendant is authorized to transact business in the State of Arkansas, and at all times relevant hereto has done and transacted business in the State of Arkansas. The Defendant's registered agent in the State of Arkansas is Corporation Service Company, 300 S. Spring St., 300 Spring Building, Suite 900, Little Rock, AR 72201.

**EXHIBIT A**

*JURISDICTION AND VENUE*

3. This Court has jurisdiction of the parties and venue is proper herein as the Plaintiff is a resident of Columbia County, Arkansas; the Defendant is registered in the State of Arkansas, having significant contact with the State of Arkansas and transacting business therein; and the injuries suffered by the Plaintiff herein occurred in the State of Arkansas.

*FACTUAL ALLEGATIONS*

4. On or about April 13, 2019, the Plaintiff, Hunter James Caldwell, was operating his 2017 Chevrolet Colorado (VIN # 1GCGTDEN4H1148823) on Highway 19 South near the intersection of Columbia Road 202 in Columbia County, Arkansas.

5. The roadway was wet and it was raining when the Plaintiff ran off of the roadway and hit several trees that were adjacent to the highway before his vehicle came to a stop.

6. After striking the tree, the Plaintiff's nose and face struck the center steering column from which the airbag normally deploys, causing significant injuries to the Plaintiff for which he had to be transported to Magnolia Regional Medical Center for treatment.

7. At no time did any airbag deploy during these events.

8. The 2017 Chevrolet Colorado was designed and manufactured by the Defendant.

9. The Defendant placed the 2017 Chevrolet Colorado into the stream of commerce, which ultimately was purchased by the Plaintiff.

10. The Defendant had knowledge that its vehicles needed to be crashworthy in the event that a sequence of events occurred as in this instance with the Plaintiff, including the deployment of airbags.

11. The 2017 Chevrolet Colorado was not crashworthy and contained defects.

12. The 2017 Chevrolet Colorado was negligently designed and manufactured.

13. The Defendant negligent conduct was attributable to its employees and agents who were acting within the course, purpose and scope of their employment and agency with Defendant.

14. The Defendant is responsible for the design, manufacturing, assembly, testing, marketing and assembly of the 2017 Chevrolet Colorado.

## *CAUSES OF ACTION*

15. The 2017 Chevrolet Colorado was designed by the Defendant.

16. The 2017 Chevrolet Colorado was manufactured by the Defendant.

17. The 2017 Chevrolet Colorado was assembled by the Defendant.

18. The 2017 Chevrolet Colorado was inspected by the Defendant.

19. The 2017 Chevrolet Colorado was tested by the Defendant.

20. The 2017 Chevrolet Colorado was sold by the Defendant.

21. The 2017 Chevrolet Colorado was unreasonably dangerous in design and manufacture, and such defect were the proximate cause of the injuries sustained by the Plaintiff as provided herein.

22. The Defendant, either alone or in conjunction with some other individuals and/or entities, designed, manufactured, marketed, assembled and/or tested the 2017 Chevrolet Colorado.

23. In addition to the foregoing, the Defendant either alone or in conjunction with other individuals or entities, designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective.

24. Specifically, the Defendant either alone or in conjunction with some other individuals and/or entities either knew or should have known the following:

    a. The vehicle violated principles of crashworthiness;

    b. The vehicle's airbag failed to deploy;

    c. The vehicle failed to provide adequate safety; and

    d. The vehicle failed to provide adequate occupant protection.

25. The defects listed above by the Defendant were the proximate cause of injuries and damages sustained by the Plaintiff herein.

26. The Defendant violated its duty of ordinary care in the design, materials used, manufacture, assembly, inspection and testing of the 2017 Chevrolet Colorado, thereby exposing the Plaintiff to an unreasonable risk of harm while it was being used for its intended purpose, which was the proximate cause of the injuries and damages sustained by the Plaintiff herein.

27. The Defendant violated an implied warranty that the 2017 Chevrolet Colorado was fit for the particular purpose for which it was intended, including the crashworthiness of the same, which was the proximate cause of the injuries and damages sustained by the Plaintiff herein.

28. The Defendant violated an express warranty that the 2017 Chevrolet Colorado was safe, mechanically sound and crashworthy, which was the proximate cause of the injuries and damages sustained by the Plaintiff herein.

29. The Plaintiff believes the Defendant to be in possession and control of all of the technical materials, data, and other documents regarding the design, manufacture, and testing of the vehicle in question, along with engineering analysis it performed.

30. Further, Plaintiff believes that the Defendant is in possession of specific data as it relates to the specific vehicle that was being operated by the Plaintiff on April 13, 2019,

following a complaint made directly by the Plaintiff to the Defendant, after which the Defendant conducted an analysis of the vehicle, including the Event Data Recorder.

31. Following the discovery of these materials and deposition, additional allegations and evidence may necessitate the amending of the Complaint.

## *DAMAGES*

32. As a proximate cause of negligent acts and/or omissions of the Defendant, the Plaintiff has suffered past, present, and future lost earnings, and will have a diminished earning capacity in the future.

33. As a proximate cause of the negligent acts and/or omissions of the Defendant, the Defendant has suffered past, present, and future mental anguish and suffering.

34. As a proximate cause of the negligent acts and/or omissions of the Defendant, the decedent suffered pain and suffering, and will continue to experience pain and suffering in the future.

35. As a proximate cause of the negligent acts and/or omissions of the Defendant, the Plaintiff has incurred past, present and future medical expenses.

36. As a proximate cause of the negligent acts and/or omission of the Defendant, the Plaintiff has incurred permanent disfigurement and scarring.

37. The Plaintiff's damages in this matter are in excess of $75,000.00.

## *REQUEST FOR TRIAL BY JURY*

38. The Plaintiff requests a trial by jury for the cause of action as stated herein.

39. The Plaintiff reserves the right to amend this Complaint and allegations and damages contained herein upon further discovery in this matter.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that the Defendant answer against the Complaint filed against it herein by the Plaintiff; for damages suffered by the Plaintiff to be assessed against the Defendant as requested herein; for costs, interests and fees associated with this action; and for all other relief to which he may be entitled.

        Respectfully submitted,

        Hunter Caldwell

By: _____
Ryan P. Phillips
Arkansas Bar No. 2006074
CRANE, PHILLIPS & RAINWATER PLLC
P.O. Box 727
Magnolia, AR 71754-0727
Office: (870) 234-4727
Fax:    (870) 234-4181
Email: phillips@magnolialaw.net